UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER C. HARRIS,

    Petitioner,

                                    Case No. 2:14-cv-12443

v.                                      Honorable George Caram Steeh

STEVEN RIVARD,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO HOLD
## HIS HABEAS PETITION IN ABEYANCE (ECF No. 11)

### I. Introduction

Following a jury trial in 2011, petitioner Luther C. Harris was found guilty of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possessing a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On November 28, 2011, the trial court sentenced petitioner as a habitual offender to ten years in prison for the felony firearm conviction and to a consecutive term of two to five years in prison for the felon-in-possession conviction.

In an appeal as of right, petitioner argued that: (1) the search of the house and seizure of firearms violated his rights under the state and federal constitutions; (2) his statement to an investigator should have been suppressed because his waiver of constitutional rights was not knowing and intelligent; and (3) his convictions for both felony firearm and felon in possession of a firearm violated his right not to be placed in double jeopardy. The Michigan Court of Appeals affirmed petitioner's convictions after

-1-

determining that petitioner's double jeopardy claim was not preserved for appeal and that his other claims lacked merit. See People v. Harris, No. 308191, 2013 WL 951248 (Mich. Ct. App. Feb. 21, 2013). Petitioner raised the same claims in the Michigan Supreme Court, but on June 25, 2013, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review petitioner's claims. See People v. Harris, 494 Mich. 871; 832 N.W.2d 220 (2013) (table).

Petitioner subsequently filed a motion for relief from judgment, claiming that: (1) the prosecutor abused his discretion by charging him with felony firearm and felon in possession of a firearm; (2) his convictions for both felony firearm and felon in possession of a firearm violated his right not to be placed in double jeopardy; (3) appellate counsel was ineffective for not raising all his claims on direct appeal; (4) trial counsel was ineffective for stipulating with the prosecutor at the preliminary examination and for allowing petitioner to be prosecuted for two firearm offenses without any evidence of a gun; and (5) the prosecutor violated his right to due process by failing to disclose exculpatory evidence. In an amendment to the motion, petitioner argued that the trial court abused its discretion by denying his request to suppress evidence that was illegally obtained. The trial court denied petitioner's motion, but petitioner failed to appeal the court's decision.

On June 23, 2014, petitioner filed his pro se habeas corpus petition under 28 U.S.C. § 2254 in this Court. As grounds for relief, petitioner asserts the three claims that he raised in the appeal as of right. On December 26, 2014, respondent Steven Rivard filed an answer to the habeas petition. He urges the Court to deny the petition on grounds that petitioner's first claim is not cognizable on habeas review, the state

court's adjudication of his second claim was objectively reasonable, and his third claim is both procedurally defaulted and meritless. Currently before the Court is petitioner's motion to hold his habeas petition in abeyance while he exhausts state remedies for a new claim challenging the state court's jurisdiction.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to "give the state courts an opportunity to act on [their] claims before [they] present[] those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. at 845, 847. Petitioner has exhausted state remedies for his current claims by presenting them to the state court of appeals and to the state supreme court on direct appeal, but he has not exhausted state remedies for his proposed new claim that the state court lacked jurisdiction.

Federal district courts "ordinarily have authority to grant stays," Rhines v. Weber, 544 U.S. 269, 276 (2005), and, in appropriate cases, they may hold a habeas petition in abeyance while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. See id. at 275. After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. Id. at 275-76. But this stay-and-abeyance procedure is "available only in limited circumstances," id. at 277, such as when "the petitioner had good cause for his failure to exhaust, his

unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Although petitioner does not appear to be engaged in dilatory litigation tactics, he has not alleged "cause" for his failure to raise his claim on direct appeal or in his motion for relief from judgment and in a subsequent appeal. Furthermore, his unexhausted claim is meritless. Petitioner contends that the handgun he was charged with possessing was a blank (inoperable) gun, not an actual firearm as defined by statute, and, therefore, the state district court erroneously bound him over to state circuit court after the preliminary examination and the state circuit court lacked jurisdiction to try him.

A determination of whether the state court was "vested with jurisdiction under state law is a function of the state courts, not the federal judiciary," Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976), and an "illegal arrest or detention does not void a subsequent conviction." Gerstein v. Pugh, 420 U.S. 103, 119 (1975). Therefore, petitioner's unexhausted claim is not potentially meritorious.

Petitioner has not satisfied all the requirements for granting a stay. Accordingly, his motion to hold his habeas petition in abeyance (ECF No. 11) is denied.

Dated: July 14, 2015

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 14, 2015, by electronic and/or ordinary mail and also on Luther C. Harris #190562, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk