UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER CLEVELAND HARRIS,

        Petitioner,

                              CASE NO. 2:14-12443
   v.                       HON. GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

STEVEN RIVARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Luther Cleveland Harris, ("petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for possession of a firearm during the commission of a felony (felony-firearm), M.C.L.A. 750.227b, and felon in possession of a firearm, M.C.L.A. 750.224f.  For the reasons stated below, the petition for a writ of habeas corpus is DENIED.

**I.  Background**

Petitioner was convicted following a jury trial in the Third Circuit Court of Michigan-Criminal Division for the County of Wayne.  This Court recites

verbatim the relevant facts relied upon by the Michigan Court of Appeals,

which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Officers Gray and his partner, Charon Johnson, responded to a
> run involving a person described as wearing an orange shirt and
> brown pants, pointing a black handgun with a brown handle at two
> young girls. After the officers saw defendant, who matched the
> description, across the street sitting on a porch, they removed
> defendant from the porch and patted him down on the front lawn
> of the house. The officers also detained and patted down Michael
> Glenn, who had emerged from inside the house after defendant
> was detained. Neither man had a weapon on his person. Officer
> Gray then went up onto the porch of the house, and could clearly
> see through the open front door. He saw a black handgun with a
> wooden handle sitting on a table in the front room, two shotguns
> leaning against a chair, and three spent shotgun shells all within
> five feet of the front door.

*People v. Harris*, No. 308191, 2013 WL 951248, at *1 (Mich. Ct. App.
Feb. 21, 2013).

Petitioner's conviction was affirmed on appeal. *People v. Harris,* 2013

WL 951248; *lv. den.* 832 N.W.2d 220 (Mich. 2013).

Petitioner filed a post-conviction motion for relief from judgment

pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v.*

*Harris*, No. 10-006497-01-FH, (Third Circuit Court-Criminal Division, March

18, 2014).  Petitioner did not appeal the court's decision.

In his petition, petitioner seeks a writ of habeas corpus on the following

grounds: (1) the search of the house and seizure of the firearms were

-2-

violations of the Defendant's rights under the United States and Michigan Constitutions, (2) the giving of the *Miranda* rights was not effective, the waiver was not given knowingly and intelligently and the statement should have been suppressed under the United States and Michigan Constitutions, and (3) the use of a conviction of a felon in possession of a firearm as a predicate to felony firearm is a violation of a defendant's rights against double jeopardy under the United States and Michigan Constitutions.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of

possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  Discussion

### A.   Claim # 1.   Petitioner's Fourth Amendment claim is non-cognizable.

Petitioner claims that the trial judge erred in denying his motion to suppress the shotguns obtained from his home, claiming that the seizure was not reasonable and necessary to ensure the safety of law enforcement personnel or citizens.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D.

Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010).  Under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009).   "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3rd Cir. 1986)).   Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994)).

Petitioner was able to present his Fourth Amendment claim to the state trial court in his pre-trial motion to suppress.  Petitioner was later able to present his Fourth Amendment claim to the Michigan appellate courts.  That is sufficient to preclude review of the claim on habeas review. *Good v. Berghuis,* 729 F.3d 636,640 (6th Cir. 2013).

### B. Claim # 2.  The *Miranda* Rights claim.

Petitioner next contends that he was denied his *Miranda* rights when he was interviewed by investigator Boyle the next day following his arrest and that his statement should have been suppressed.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); *Jones v. Smith,* 244 F. Supp. 2d 801, 808 (E.D. Mich. 2003); 28 U.S.C. § 2254(e)(1).   The presumption of correctness also "applies to implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Carey v. Myers*, 74 F.App'x. 445, 448 (6th Cir. 2003)(citing *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996)). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985).  Likewise, whether a defendant understood his or her *Miranda* rights is a question of fact underlying the question of whether his waiver of those

-7-

rights was knowing and intelligent. On federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence. *Williams v. Jones,* 117 F.App'x. 406, 412 (6th Cir. 2004).

A defendant's waiver of his *Miranda* rights is considered valid if it is voluntary, knowing, and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 444, 475 (1966). Coercive police activity is a necessary predicate to finding that a defendant's waiver of his *Miranda* rights was involuntary. *Colorado v. Connelly,* 479 U.S. 157, 167, 169-70 (1986). A defendant's deficient mental condition, by itself, is insufficient to render a waiver involuntary. *Id.* at 164-65. "[W]hile mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." *Connelly*, 479 U.S. at 165.

In determining whether a confession is voluntary, the ultimate question for a court is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton,* 474 U.S. at 112. These circumstances include:

    1. police coercion (a "crucial element");
    2.  the length of interrogation;

-8-

3. the location of interrogation;
4. the continuity of the interrogation;
5. the suspect's maturity;
6. the suspect's education;
7. the suspect's physical condition and mental health;
8. and whether the suspect was advised of his or her *Miranda* Rights.

*Withrow v. Williams*, 507 U.S. 680, 693-94 (1993).

All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). However, without coercive police activity, a confession should not be deemed involuntary. *Colorado v. Connelly,* 479 U.S. at 167.

Based upon the totality of the circumstances in this case, it was objectively reasonable for the Michigan Court of Appeals to hold that petitioner's confession was voluntary. *See McCalvin v. Yukins,* 444 F.3d 713, 720 (6th Cir. 2006).

Although petitioner was provided medical treatment the evening before because of apparent alcohol poisoning, given pain relievers for his head and stomach aches, and did not have his eyeglasses for reading at the time of the interview when he placed his initials next to each right waived, petitioner "acknowledged that he had been arrested before and, from past experience, knew he would be taken in to speak with a detective. [Petitioner] further acknowledged it was not the first, second or even third time, he had heard the

questions related to the waiver of his *Miranda* rights and that he had heard those questions 'several times' before."  *Harris*, 2013 WL 951248, at *4.

A defendant's deficient mental condition, by itself, is insufficient to render a waiver involuntary. *Connelly*, 479 U.S. at 164-65.  "[W]hile mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." *Id.*  In this case, there was no evidence of physical or psychological coercion on behalf of investigator Boyle.  Absent any such evidence of coercion, the fact that petitioner may have been in ill health at the time of the police interrogation would not render his confession involuntary. *See U.S. v. Barbour,* 70 F.3d 580, 586 (11th Cir. 1995).  Furthermore, even assuming that petitioner did not have his eyeglasses, petitioner is unable to show that he failed to understand the warnings, or that he attempted to invoke his rights in any way. *See Garcia v. Stephens*, 793 F.3d 513, 522 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 897 (2016), *reh'g denied*, 136 S. Ct. 1000 (2016).

Petitioner claims that his statement should have been suppressed because he did not understand his *Miranda* warnings; however, petitioner's prior experiences of being taken to speak with a detective on numerous

-10-

occasions in which he heard *Miranda* warnings would indicate that he understood his *Miranda* rights, thereby supporting the factual findings of both the trial court and the Michigan Court of Appeals that petitioner knowingly and voluntarily waived his *Miranda* rights.

Petitioner is not entitled to habeas relief, because he has failed to offer any evidence, clear and convincing or otherwise, to rebut the findings by the Michigan courts that he understood the *Miranda* rights that were read to him, so as to entitle him to habeas relief. *Williams,* 117 F.App'x. at 412.

Under the deference required by the AEDPA, and given the factors supporting a finding that petitioner's confession was voluntary, the decision of the Michigan Court of Appeals in finding petitioner's confession to have been voluntary was a reasonable application of federal law. *See McCalvin,* 444 F.3d at 720.  Petitioner is not entitled to habeas relief on his second claim.

**C.  Claim # 3.  The double jeopardy claim.**

Petitioner claims that his convictions for felon in possession of a firearm and felony-firearm violate the Double Jeopardy Clause because both convictions involve the same weapon.

-11-

The Double Jeopardy Clause serves the function of preventing both successive punishments and successive prosecutions. *United States v. Ursery*, 518 U.S. 267, 273 (1996).   The protection against multiple punishments prohibits the government from "punishing twice or attempting a second time to punish criminally for the same offense." *Witte v. United States*, 515 U.S. 389, 396 (1995)(quoting *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938)).  Although the Double Jeopardy Clause protects a defendant against cumulative punishments for convictions on the same offense, the clause does not prohibit the state from prosecuting a defendant for such multiple offenses in a single prosecution. *See Ohio v. Johnson,* 467 U.S. 493, 500 (1984). Moreover, whether punishments are multiple, so as to violate the Double Jeopardy Clause, is essentially a question of legislative intent. *Id.* at 499.

When multiple convictions are secured at a single trial, the test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment is that set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *Brown v. Ohio*, 432 U.S. 161, 166 (1977). As the Supreme Court explained that test in *Brown*:

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact

which the other does not⋯⋯" This test emphasizes the elements of the two crimes. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes⋯⋯"

*Id.* at 166 (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975).

"The Court focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction.... If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *United States v. Barrett*, 933 F.2d 355, 360-61 (6th Cir. 1991)(internal citations and quotes omitted). Thus, the Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory violation. *See United States v. Dixon*, 509 U.S. 688, 696 (1993).

In deciding a habeas petitioner's Double Jeopardy claim, a federal habeas court is bound by a state appellate court's interpretation of different state statutes to permit a defendant who is convicted of multiple offenses to be punished for both offenses. *See Palmer v. Haviland,* 273 F.App'x. 480, 486-87 (6th Cir. 2008). Once a state court has determined that the state legislature intended cumulative punishments for separate offenses, a federal habeas court must defer to that determination. *See Banner v. Davis,* 886 F.2d

777, 780 (6th Cir. 1989). The Michigan Court of Appeals determined that the Michigan Legislature intended cumulative punishment for the offenses of felon in possession of a firearm and felony-firearm. *Harris,* 2013 WL 951248, at *5. This Court sitting on federal habeas review is bound by that determination. *Banner,* 886 F.2d at 780. Because this determination is binding in federal habeas corpus, petitioner's claim that his convictions for both possession of a firearm by a felon and possession of a firearm during the commission of a felony violate the Double Jeopardy Clause must be rejected. *See Rodgers v. Bock,* 49 F.App'x. 596, 597 (6th Cir. 2002). The Michigan Court of Appeals clearly held that multiple punishments for the two crimes are permissible under Michigan law. The state trial court did not violate petitioner's federal right against double jeopardy. *Palmer,* 273 F.App'x. at 487. Petitioner is not entitled to relief on his third claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate

whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.   "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).   The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

-15-

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  November 30, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 30, 2016, by electronic and/or ordinary mail and also on Luther Harris #190562, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk